Exhibit A

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
PALO ALTO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

KIMBERLY G LIPPMAN
PERSONAL FAX: +1 856 874 4636
E-MAIL: KGLippman@duanemorris.com

www.duanemorris.com

April 24, 2013


VIA FEDEX

Clerk of the Court
Cape May County, Civil Division
Superior Court of New Jersey
9 North Main Street
Cape May Court House, NJ  08210

> **Re:** **Sam Younes and Tamer G. Atalla v. 7-Eleven, Inc.**
> **Superior Court of New Jersey**
> **Cape May County, Law Division**
> **Docket No. CPM-L-577-12**

Dear Clerk of Court:

This firm represents Defendant, 7-Eleven, Inc.  Enclosed herewith for filing are an original and two (2) copies of each of the following documents:

1. Notice of Motion;

2. Proposed Form of Order;

3. Memorandum of Law in Support of Motion to Dismiss;

4. Certification of Luis A. Uriarte, Jr.; and

5. a related Certification of Service.

DUANE MORRIS LLP   *A DELAWARE LIMITED LIABILITY PARTNERSHIP*                                    HERSH KOZLOV, RESIDENT PARTNER

1940 ROUTE 70 EAST, SUITE 200   CHERRY HILL, NJ  08003          PHONE: +1 856 874 4200   FAX: +1 856 424 4446
DM2\4226346.1 F7048/00001

D<small>UANE</small>M<small>ORRIS</small>

Clerk of the Court
April 24, 2013
Page 2

     Please return duly filed copies of each in the enclosed, self-addressed, postage prepaid envelope.  Please charge any applicable filing or other fees to my firm's New Jersey Superior Court Account No. 26015.

Sincerely,

*Kimberly G Lippman*

Kimberly G Lippman

KGL:kh
Enclosures

cc:    Susan V. Metcalfe (*w/ Enclosures, via E-mail*)
       Stephen Sussman (*w/ Enclosures, via E-mail*)

**DUANE MORRIS LLP**
**A Delaware Limited Liability Partnership**
By:    Stephen Sussman
       Kimberly G. Lippman
1940 Route 70 East, Suite 200
Cherry Hill, NJ  08003
Telephone: 856 874 4200
Fax:  856 424 4446
ssussman@duanemorris.com
kglippman@duanemorris.com
*Attorneys for Defendant, 7-Eleven, Inc.*

| | |
|---|---|
| **SAM YOUNES** and<br>**TAMER G. ATALLA,**<br><br>        Plaintiffs,<br><br>    vs.<br><br>**7-ELEVEN, INC.,**<br><br>        Defendant. | :  SUPERIOR COURT OF NEW JERSEY<br>:  LAW DIVISION<br>:  CAPE MAY COUNTY<br>:<br>:  DOCKET NO. CPM-L-577-12<br>:<br>:  CIVIL ACTION<br>:<br>:  **NOTICE OF MOTION**<br>:<br>: |

TO:   **James H. Pickering, Jr., Esq.**
       498 Kings Highway, P.O. Box 100
       South Seaville, NJ 08246-0100
       *Attorney for Plaintiffs, Sam Younes and Tamer G. Atalla*

       **PLEASE TAKE NOTICE** that, on Friday, May 24, 2013, at 9:00 a.m. in the forenoon, or as soon thereafter as counsel may be heard, Defendant, 7-Eleven, Inc., by and through its attorneys, Duane Morris LLP, shall move before the HONORABLE J. CHRISTOPHER GIBSON, J.S.C., Superior Court of New Jersey, Cape May County, Law Division, 9 North Main Street, Cape May Court House, New Jersey, to dismiss the above-entitled action, pursuant to R. 4:6-2, for insufficiency of service of process and lack of jurisdiction over the person of Defendant.

**PLEASE TAKE FURTHER NOTICE** that, in support of this motion, Defendant shall rely upon the attached Memorandum of Law, and the Certification of Luis A. Uriarte, Jr.

**PLEASE TAKE FURTHER NOTICE** that, unless the Motion is unopposed, 7-Eleven respectfully requests oral argument pursuant to Rule 1:6-2.

**Dated:** April 24, 2013

DUANE MORRIS LLP
**A Delaware Limited Liability Partnership**

Stephen Sussman
Kimberly G. Lippman
1940 Route 70 East, Suite 200
Cherry Hill, NJ  08003
Telephone: 856 874 4200
Fax:  856 424 4446
ssussman@duanemorris.com
kglippman@duanemorris.com
*Attorneys for Defendant, 7-Eleven, Inc.*

**DUANE MORRIS LLP**
**A Delaware Limited Liability Partnership**
By:    Stephen Sussman
        Kimberly G. Lippman
1940 Route 70 East, Suite 200
Cherry Hill, NJ  08003
Telephone: 856 874 4200
Fax:  856 424 4446
ssussman@duanemorris.com
kglippman@duanemorris.com
*Attorneys for Defendant, 7-Eleven, Inc.*

| | |
|---|---|
| **SAM YOUNES** and<br>**TAMER G. ATALLA,**<br><br>                    Plaintiffs,<br><br>            vs.<br><br>**7-ELEVEN, INC.,**<br><br>                    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAPE MAY COUNTY<br><br>DOCKET NO. CPM-L-577-12<br><br>CIVIL ACTION<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court on the Motion of Defendant,

7-Eleven, Inc. ("7-Eleven"), by and through its attorneys, Duane Morris LLP, for an Order,

pursuant to Rule 4:6-2 *et seq.*, dismissing with prejudice the above-entitled action for

insufficiency of service of process and lack of jurisdiction over the person of Defendant, and the

Court having considered the papers submitted in support of and in opposition to the motion, and

having heard the arguments of counsel, if any, and for good cause having been shown:

        **IT IS** on this _____ day of _____, 2013, hereby **ORDERED** that:

        1.        7-Eleven's motion is granted; and

        2        The above-entitled action is hereby dismissed for insufficiency of service of

process and lack of jurisdiction over the person of 7-Eleven.

IT IS FURTHER ORDERED that a copy of this Order shall be served upon counsel of record for plaintiffs within seven (7) days of the date of counsel for Defendants' receipt of this Order.

_____
J. Christopher Gibson, J.S.C.

**DUANE MORRIS** LLP
**A Delaware Limited Liability Partnership**
By:     Stephen Sussman
          Kimberly G Lippman
1940 Route 70 East, Suite 200
Cherry Hill, NJ  08003
Telephone: 856 874 4200
Fax:  856 424 4446
ssussman@duanemorris.com
kglippman@duanemorris.com
*Attorneys for Defendant, 7-Eleven, Inc.*

---

| | |
|---|---|
| **SAM YOUNES** and | : SUPERIOR COURT OF NEW JERSEY |
| **TAMER G. ATALLA,** | : LAW DIVISION |
| | : CAPE MAY COUNTY |
| | : |
| Plaintiffs, | : DOCKET NO. CPM-L-577-12 |
| | : |
| vs. | : CIVIL ACTION |
| | : |
| **7-ELEVEN, INC.,** | : **MEMORANDUM OF LAW IN** |
| | : **SUPPORT OF MOTION TO DISMISS** |
| Defendant. | : |

Defendant, 7-Eleven, Inc. ("7-Eleven") respectfully submits this memorandum of law in support of its Motion, pursuant to R. 4:6-2, to dismiss the above-entitled action for insufficiency of service of process and lack of jurisdiction over the person of Defendant, on the grounds that Defendant has not been properly served with the summons and complaint in this matter.

## **Statement Of Facts**

Plaintiffs filed their complaint in this matter on November 21, 2012, and the Clerk of Court issued a summons on November 29, 2012 (*see* 7-Eleven's Exhibit A).   Plaintiffs thereafter filed an Affidavit of Service executed on December 10, 2012 (7-Eleven's Exhibit B), in which plaintiffs' process server declared that he had served 7-Eleven by leaving a copy of the summons and complaint with Ahjig Hadad ("Hadad") at 811 Church Road, Suite 105, Cherry Hill, New Jersey.  Hadad is alleged in the Affidavit of Service to be 7-Eleven's authorized agent,

and is described as a male, aged 36-50, between 5'4" and 5'8" tall, weighing 161-200 pounds, with black hair and brown skin.

As set forth in the accompanying Certification of Luis A. Uriarte, Jr., the company located at 811 Church Road, Suite 105, Cherry Hill, New Jersey is Corporate Creations Network, Inc. ("Corporate Creations"). Corporate Creations is in the business of providing registered agent services nationwide. Certification of Luis A. Uriarte, Jr. at ¶¶ 1-2. However, Hadad, the individual who allegedly accepted service of the complaint and summons at Corporate Creations' Cherry Hill, New Jersey address, was never employed by or in any way affiliated with Corporate Creations. *Id.* at ¶ 5. Moreover, the only person working at Corporate Creations' Cherry Hill, New Jersey office on the date of purported service was Sherry Bertino, a woman who does not fit the description of the person declared in the Affidavit of Service as having been served. *Id.* at ¶ 6. The only other person employed by Corporate Creations at its Cherry Hill, New Jersey office is Peter Martin. *Id.* at ¶ 7. Mr. Martin was not working on December 7, 2012, and does not fit the description of the person purportedly served at Corporate Creations' New Jersey registered office on December 7, 2012. *Id.*

## ARGUMENT

Pursuant to R. 4:4-3(a) and R. 4:4-4(a)(1) and (6), a competent adult not having a direct interest in the litigation may effect original service on and obtain *in personam* jurisdiction over a corporation by personally serving the summons and complaint "on a person at the registered office of the corporation in charge thereof," R. 4:4-4(a)(6). Plaintiffs claim they did this by leaving copies of the complaint and summons with Ahjig Hadad at 811 Church Road, Suite 105, Cherry Hill, New Jersey, as set forth in the Affidavit of Service plaintiffs filed with this Court.

2

Contrary to the Affidavit of Service, the company located at that address, Corporate Creations, has never heard of Hadad, and does not employ anyone at its Cherry Hill office who remotely resembles the description of Hadad set forth in the Affidavit of Service.

Pursuant to R. 4:6-2, a defendant may raise the defenses of insufficiency of service and lack of *in personam* jurisdiction by motion before pleading. 7-Eleven has not yet answered plaintiffs' Complaint or otherwise entered an appearance in this matter.

7-Eleven does not know what mistake or misunderstanding produced the Affidavit of Service. Nevertheless, it is certain that 7-Eleven was not served with original process as set forth therein, as evidenced by the Certification of Luis A. Uriarte, Jr. Accordingly, 7-Eleven respectfully requests that the Court dismiss the above-entitled action.

**Dated:** April 24, 2013

**Duane Morris LLP**
**A Delaware Limited Liability Partnership**

Stephen Sussman
Kimberly G Lippman
1940 Route 70 East, Suite 200
Cherry Hill, NJ 08003
Telephone: 856 874 4200
Fax: 856 424 4446
ssussman@duanemorris.com
kglippman@duanemorris.com
*Attorneys for Defendant, 7-Eleven, Inc.*

Exhibit A

SUMMONS

Attorney(s) <u>Kathleen M. Calemmo, Esquire</u>

Office Address <u>P.O. Box 100</u>

Town, State, Zip Code <u>South Seaville, NJ 08246</u>

Telephone Number <u>(609) 624-2900</u>

Attorney(s) for Plaintiff <u>Sam Younes & Tamer G. Atalla</u>

<u>SAM YOUNES and TAMER G. ATALLA</u>

    Plaintiff(s)

Vs.

<u>7-ELEVEN, INC.</u>

    Defendant(s)

# Superior Court of New Jersey

<u>CAPE MAY</u>    COUNTY

<u>LAW</u>    DIVISION

Docket No: <u>CPM-L-577-12</u>

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Jennifer M. Perez, Esq.*
Clerk of the Superior Court

DATED: <u>11/29/2012</u>

Name of Defendant to Be Served: <u>7-ELEVEN, INC.</u>

Address of Defendant to Be Served: <u>c/o Corporate Creations Network, Inc., 18 Church Road, Suite 105</u>
                     Cherry Hill, NJ 08002

**FILED**

JAMES H. PICKERING, JR., ESQUIRE
498 Kings Highway
P.O. Box 100
South Seaville, New Jersey 08246-0100
609-624-2900
Attorney for Plaintiffs

NOV 21 2012

CAPE MAY COUNTY
LAW DIVISION

| | |
|---|---|
| SAM YOUNES, and<br>TAMER G. ATALLA | SUPERIOR COURT OF NEW JERSEY<br>CAPE MAY COUNTY<br>LAW DIVISION |
|             Plaintiffs<br>v. | DOCKET NO.  *CPM-L-577-12* |
| 7-ELEVEN, INC.<br>            Defendant | CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, SAM YOUNES, and TAMER G. ATALIA, by way of Complaint against

Defendant, says:

### THE PARTIES

1.     Plaintiff, Sam Younes, is a franchisee, operating three (3) 7-ELEVEN convenience

stores at the following locations: 1440 Brace Road, Cherry Hill, NJ; 340 North Broadway Avenue,

Pitman, NJ; and 610 Kresson Road, Cherry Hill, NJ.

2.     Plaintiff, Tamer G. Atalla, is a franchisee, operating a 7-ELEVEN convenience

store located at 1960 Bayshore Road, Villas, NJ.

3.     Defendant, 7-ELEVEN, INC., is a foreign profit corporation registered and

authorized to do business in New Jersey whose agent, Corporate Creations Network, Inc., is

located at 811 Church Road, Suite 105, Cherry Hill, New Jersey. Defendant is engaged is the

business of issuing franchises to individuals to operate franchised businesses throughout the State

of New Jersey.

## JURISDICTION AND VENUE

4.      Plaintiffs incorporate the averments set forth in paragraphs 1 through 3 as if the same were set forth at length herein.

5.      Jurisdiction and venue in this matter are appropriate in the Superior Court of New Jersey, Law Division, Cape May County, in accordance with R. 4:3-2 because one (1) of the 7-ELEVEN franchised stores is located in Cape May County.

## FIRST COUNT
## VIOLATION OF THE NEW JERSEY FRANCHISE PRACTICES ACT
## N.J.S.A. 56:10-1 et seq.

6.      Plaintiffs incorporate the averments set forth in paragraphs 1 through 5 as if the same were set forth at length herein.

7.      Each of the above named Plaintiffs has a written agreement with Defendant known as a Store Franchise Agreement ("Franchise Agreement") which requires each Plaintiff to establish or maintain a 7-ELEVEN convenience store at a specific location(s) in New Jersey; the Franchise Agreement includes reference to a Master Lease and other documents which are not included in the Franchise Agreement and which have never been provided to the Plaintiffs.

8.      Each of Plaintiffs' Franchise Agreements was entered into after December 21, 1971.

9.      Each Plaintiff operates a 7-ELEVEN convenience store which has gross sales of products or services between Defendant and each Plaintiff in excess of $35,000.00 for the 12 months next preceding the filing of this action.

10.     Each Plaintiff operates a 7-ELEVEN convenience store where more than 20% of the Plaintiff's gross sales are intended to be or are derived from the 7-ELEVEN franchise.

2

11.    In consideration of the agreement, each Plaintiff paid to Defendant a franchise fee; the typical franchise fee was in a range of $100,000 to $150,000.

12.    Each Plaintiff has a community of interest with the Franchisor in that Plaintiffs have made substantial franchise-specific investments within each store of goods and skills required by Defendant that would be of minimal utility outside the franchise.

13.    Plaintiffs have at all times substantially complied with the material terms of the Franchise Agreement.

14.    Under the terms of the Franchise Agreement, Defendant promised to do certain things, including, but not limited to, the following:

a. To provide Plaintiffs with on-going training for all on-line systems installed by Defendant within the 7-ELEVEN stores;

b. To treat Plaintiffs as independent contractors who have control over the manner and means of the operation of the store;

c. To make fair and accurate reconciliations of the 7-ELEVEN Charge Account;

d. To pay to each Plaintiff every week the amount of their Weekly Draw;

e. To make every commercially reasonable effort to obtain the lowest cost for products and services available from Defendant's Bona Fide Suppliers;

f. To pay for all utilities associated with the operation of the store;

g. To honor all store maintenance service contracts; and

h. To conduct fair and accurate audits and merchandise reports; and

i. To pay Plaintiffs their fair share of all promotions, incentives, and earned percentages from "bill back".

16.    Defendant has failed to perform in accordance with the Franchise Agreement.

17. The convenience store business in Southern New Jersey has become dominated by a competitor of 7-Eleven. Defendant has failed to change its stores, products, and marketing despite the ever changing market and the expectations of consumers. Due to the competition, and the lack of a response by 7-Eleven to the competition, Plaintiffs' gross sales and net profits have been down, and Defendant's gross sales and net profits are also believed to be down.

18. Defendant has blamed Plaintiffs for this downturn in sales.

19. Plaintiffs believe and therefore aver that Defendant has devised a plan to terminate the Franchise Agreement with each of the Plaintiffs. The plan is twofold: (1) to make the business conditions so hostile that Plaintiffs will each want to terminate the franchise agreement; and (2) to create artificial and false evidence that Plaintiffs have violated the Franchise Agreement as a way to intimidate the Plaintiffs into surrendering the franchise.

20. It is believed and therefore averred that Defendant has used intimidation tactics or unfair practices to terminate a number of other franchises in the South New Jersey region.

21. At least two of these former Franchisees were told by Defendant's agents that they were among the first to have their Franchise Agreement terminated, and that Defendant was going to "take back" each store and terminate each and every Franchise Agreement in South Jersey.

22. A terminated franchise is a windfall to the Defendant.

23. When a franchise is terminated and then sold to a new franchisee, it is believed and therefore averred that Defendant also presents a different Store Franchise Agreement with terms that are more favorable to the Defendant; Defendant gets paid for the franchise again, and gets a new Franchise Agreement with more favorable terms.

4

24.     Defendant has made unilateral changes to the daily operations of the store without consultation with Plaintiffs and without providing Plaintiffs with any technical or operational support.

25.     Without seeking consent from Plaintiffs, Defendant installed a new sophisticated security system in Plaintiffs' stores.

26.     Defendant failed to provide any meaningful training to Plaintiffs on how to use the security system; some Franchisees received none, and some less than a five (5) minute review of the system.

27.     Instead, Defendant has attempted to deprive Plaintiffs of any knowledge regarding the security system and its operation.

28.     The security system is not intended to provide security to the Plaintiffs, but instead is intended to record conduct that Defendant can use against Plaintiffs as grounds for intimidation and termination.

29.     Defendant installed a new ordering system which Plaintiffs are required to use for all of their purchases from Defendant's vendors.   Despite the systems failures and mistakes, Defendant refuses to fix the system, or to adjust mistakes; further, Defendant refuses to provide training and technical support for the new system.

30.     When Plaintiffs each signed the Franchise Agreement, Plaintiffs could control the air conditioning and heat in their stores.

31.     Without seeking the consent of the Plaintiffs, Defendant took control of the air conditioning and heat via on-site sensors and a remotely controlled system, and now only Defendant can regulate the temperature within each store. Plaintiff has no control over the

5

thermostat and no ability to regulate the temperature in their store.   Defendant refuses to respond

to Plaintiff's legitimate demands for on-site temperature controls.

32.     Plaintiffs are losing customers as a result of Defendant's unreasonable control of

the temperature in their stores.

33.     Defendant installed television advertising in Plaintiffs' stores; only Defendant can

maintain the sound volume of the televisions.   Defendant maintains the volume so high that it is

not comfortable for many of Plaintiffs' customers.   The store environment is too loud for even

normal conversation between the cashier and the customer.

34.     The Franchise Agreement requires Plaintiffs to assume the responsibility for all

maintenance, repairs, replacements, janitorial services and expenses relating to the store and the

7-Eleven equipment.

35.     Plaintiffs are required to purchase maintenance contracts from Defendant or

through reputable companies approved by Defendant.   As a practical matter, all Franchisees are

expected to contract with Defendant.   The maintenance contract is as much a part of the Franchise

Agreement as any of its other terms.   Plaintiffs contract with Defendant and pay a monthly fee.

36.     Plaintiffs are at the mercy of the Defendant when repairs are needed.

37.     Defendant's failure to respond to Plaintiff's maintenance calls for broken down

equipment and broken or damaged facilities has caused Plaintiffs to lose profits due to spoiled

product and lose customers due to substandard facilities.

38.     Defendant will routinely take days to send a repair person to a store upon being

notified that equipment has broken down.

39.     Defendant will not replace equipment if the store does not gross a certain amount

annually, despite the age and condition of the equipment. This leaves Plaintiffs' stores regularly

6

without reliable or functioning equipment.   Small or low grossing stores have operated without freezers for ice cream and without air conditioning in the summer, because Defendant has a policy not to replace equipment in these small or low grossing stores.

40.     Plaintiffs are encouraged to purchase at least 85% of their inventory from Defendant's approved vendors.   If a Franchisee purchases at least 85% of inventory from approved vendors, their share of the gross profits is 50%; but, if less than 85% the share is 48%.

41.     The prices with Defendant's approved vendors are negotiated and established by Defendant; this is commonly known as the "7-Eleven price".

42.     Plaintiffs believe and therefore aver that the price negotiated by Defendant is much higher than the same vendor sells to other retail establishments in the same geographic area.

43.     Plaintiffs believe and therefore aver that Defendant received compensation from the Vendor for the product sold to Plaintiffs, thereby increasing Plaintiffs' costs and decreasing Plaintiffs' profits while Defendant is being compensated by the vendor for what is sold to Plaintiffs, and then also collects a portion of the sale price.

44.     The payment from the Vendor to Defendant makes the price to Plaintiffs artificially high, and in some cases makes the retail price for the product higher than competitors' retail prices, and in other cases makes the profit for the sale of the product non-existent.

45.     Many vendors pay "bill back" money for selling the vendor's product.   These are sometimes associated with sales goals and incentive programs. The money is paid to Plaintiffs, but the Defendant controls how and when that money is distributed to Plaintiffs.

46.     Payments for "bill back" money had been made quarterly.

47.     Defendants unilaterally changed payments to a daily accounting.

48.     Defendant has refused to advise Plaintiffs what the bill back amount is for which

7

products and has made it virtually impossible for Plaintiffs to reconcile the accountings provided by Defendant to determine the proper bill back calculation.

49.     Defendant has not accurately calculated bill back amounts to be paid to Plaintiffs.

50.     Plaintiffs believe and therefore aver that Defendant is not distributing the correct amount of bill back money to Plaintiffs.

51.     Defendant routinely makes mistakes in its audit and merchandise reports.

52.     Despite being advised of the mistakes, the mistakes still routinely occur and Plaintiffs have no reason to expect that Defendant's practices will change.

53.     Audit and merchandise report mistakes negatively affect Plaintiffs' monthly and annual gross profit and cash flow.

54.     Audit and merchandise report mistakes, when identified and even when corrected, still affect Plaintiffs' gross profit and unfairly penalize Plaintiffs because Plaintiffs are required by Defendant to keep their equity balance in the amount agreed even if Plaintiffs must advance the money until the correction is made.

55.     Defendant has violated Plaintiffs' rights as a Franchisee.

56.     After each Plaintiff entered into the Franchise Agreement with Defendant, Defendant imposed unreasonable standards of performance upon each Franchisee in violation of the New Jersey Franchise Practices Act, *N.J.S.A. 56:10-7.*

57.     Defendant has breached the Franchise Agreement and by its actions is causing a constructive or *de facto* termination of the franchise agreement without just cause.

58.     The unequal bargaining power between each Plaintiff and Defendant allows Defendant to dictate the terms and conditions of every agreement and to impose unreasonable demands and standards of performance upon the Plaintiffs.

8

59.     Plaintiffs have invested resources, time, and effort into each of their Stores.

60.     Plaintiffs have established careers and built good will in their communities.

61.     In accordance with the *Act, N.J.S.A. 56:10-10*, Plaintiffs are entitled to injunctive relief to prevent Defendant from enforcing unconscionable contract provisions or demands and to protect Plaintiffs' contractual right to a just and reasonable profit for its efforts.

62.     Plaintiffs are entitled to just compensation for lost profits caused by Defendant's breach of the terms and conditions of the Franchise Agreements.

63.     Plaintiffs are entitled to just compensation for incentive pay, bonuses, and profits that were wrongfully withheld by Defendant.

64.     Plaintiffs are entitled to injunctive relief to prevent Defendant from terminating the franchise agreement.

WHEREFORE, Plaintiffs demand judgment against Defendant for:

A.  Damages for breach of contract;

B.  Damages as provided by the Act for its violation;

C.  Injunctive relief;

D.  Attorney's fees and costs as provided in the Act;

E.  Such further relief as this Court deems just.

## SECOND COUNT
## VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

65.     Plaintiffs incorporate the averments set forth in paragraphs 1 through 64 as if the same were set forth at length herein.

9

66.     By failing to properly maintain the franchised stores and by failing to respond to Plaintiff's legitimate complaints and requests for service, Defendant is allowing its stores to deteriorate and become unattractive, and thus hurting the Plaintiffs' businesses.

67.     Defendant's action in negotiating vendor contracts benefits Defendant and unfairly burdens Plaintiffs.

68.     Defendant's installation of sophisticated equipment while refusing to properly train Plaintiffs on the use of said equipment, unfairly harms Plaintiffs and benefits Defendant.

69.     Defendant's demand for the maintenance of minimum credit balances despite audit irregularities unfairly harms Plaintiffs and benefits Defendant.

70.     Defendant's refusal to pay Plaintiffs' promotional incentives and properly earned "bill backs" deprives Plaintiffs of the benefit of their bargain with Defendant and affects Plaintiffs gross profits.

WHEREFORE, Plaintiffs demand judgment against Defendant for:

A.     Damages for Defendant's breach of the covenant of good faith and fair dealing;

B.     Punitive damages;

C      Attorney's fees and costs;

D.     Such further relief as this Court deems equitable and just.

10

## THIRD COUNT
## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

71.     Plaintiffs incorporate the averments set forth in paragraphs 1 through 72 as if the same were set forth at length herein.

72.     Defendant's negotiated contracts with approved vendors for required products resulted in increased costs for Plaintiffs and decreased Plaintiff's gross profits.

73.     Defendant's interfered with Plaintiff's profit margins by increasing Plaintiffs' costs and by wrongfully withholding Plaintiffs' incentive gains and "bill back" compensation.

74.     Defendant's actions are wrongfully depriving Plaintiffs of their reasonable rate of return for their years of efforts and financial contributions to their franchised stores.

75.     Defendant by its actions is attempting to wrongfully terminate the franchise agreement without good cause and unconscionably take advantage of Plaintiffs' years of efforts.

WHEREFORE, Plaintiffs demand judgment against Defendant for:

A.   Damages for Defendant's interference with Plaintiffs' economic advantage;

B.   Punitive damages;

C   Attorney's fees and costs;

D.   Such further relief as this Court deems equitable and just.

Dated:   November 20, 2012

JAMES H. PICKERING, JR. ESQUIRE
Attorney for Plaintiffs

11

## RULE 4:5-1 CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

Dated:   November 20, 2012

_____
JAMES H. PICKERING, JR., ESQUIRE
Attorney for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates James H. Pickering, Jr., Esquire as trial counsel.

Dated:   November 20, 2012

_____
JAMES H. PICKERING, JR., ESQUIRE
Attorney for Plaintiffs

12

# Exhibit B

SAM YOUNES, ET AL

vs.                                                            Plaintiff

7-ELEVEN, INC.

                                                              Defendant

Person to be served (Name and Address):
7-ELEVEN, INC.
811 CHURCH RD  STE 105
CHERRY HILL  NJ  080##
By serving: 7-ELEVEN, INC.

*2 0 1 2 1 2 0 6 1 5 2 3 3 4*

Superior Court Of *New Jersey*

*Cape May*  Venue

Docket Number: CPM L 577 12

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Attorney: JAMES H. PICKERING, JR., ESQ.
JAMES H. PICKERING, JR.
408 KINGS HWY BOX 100
SOUTH SEAVILLE NJ 08246

Cost of Service pursuant to R. 4:4-3(c)

$ _____

Papers Served: SUMMONS AND COMPLAINT TRACK ASSIGNMENT NOTICE

| Service Data: | [X] Served Successfully | [ ] Not Served |
| --- | --- | --- |

Date/Time:   12/07/2012  12:22PM   _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Attempts:   Date/Time: _____
            Date/Time: _____
            Date/Time: _____

Name of Person Served and relationship/title:

AHJIG HADAD _____

AUTHORIZED AGENT _____

Description of Person Accepting Service:

SEX: M   AGE: 36-50   HEIGHT: 5'4"-5'8"   WEIGHT: 161-200 LBS.   SKIN: BROWN   HAIR: BLACK   OTHER: _____

Unserved:
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] No response on:      Date/Time: _____
                         Date/Time: _____
                         Date/Time: _____

Other:

Served Data:
Subscribed and Sworn to me this

10  day of _____ 20 12

Notary Signature: _____

ROSEMARY RAMOS
Name of Notary                 Commission Expiration
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 18, 2013

I, _____
was at the time of service a competent adult, over the age of 18 and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   12/10/20 12
Signature of Process Server        Date
Claim Number   12005522

**SUPERIOR COURT OF NEW JERSEY**
**CAPE MAY COUNTY**
**LAW DIVISION**

**SAM YOUNES and**
**TAMER G. ATALLA,**

              **Plaintiffs,**

        **Vs.**

**7-ELEVEN, INC.,**

              **Defendant.**

**Docket No. CPM-L-577-12**

**CERTIFICATION OF**
**LUIS A. URIARTE JR.**

I, LUIS A. URIARTE JR., being of full age, certify as follows:

    1.    I am President of Corporate Creations Network, Inc. (hereinafter "Corporate Creations"). If called upon to testify, I would and could testify competently to the facts set forth herein.

    2.    Corporate Creations is in the business of providing registered agent services nationwide and serves as registered agent for companies in New Jersey at its New Jersey registered offices located at 811 Church Road #105, Cherry Hill, New Jersey 08002. As registered agent, Corporate Creations receives service of process served by process servers upon corporations for which Corporate Creations is agent for service of process.

    3.    Upon receipt of process served on Corporate Creations as registered agent, Corporate Creations logs in receipt of the process and makes a copy of all papers served. Corporate Creations then prepares a Service of Process Notice and forwards the process to the corporation or entity for which Corporate Creations has been served. Copies of the process are retained by Corporate Creations in a computer file maintained for its corporate entity customer.

    4.    I have personally examined and reviewed Corporate Creations' records and files regarding 7-Eleven, Inc., and Corporate Creations has no record of being served with a

Summons or Complaint in *Sam Younes and Tamer G. Atalla v. 7-Eleven, Inc.*, Docket No. CPM-L-577-12.

5.    Further, there is no person named "Ahjig Hadad" working in Corporate Creations' New Jersey registered office, nor was there anybody by that name working on December 7, 2012.  In fact, no such person has ever worked at Corporate Creations' New Jersey registered office.

6.    On December 7, 2012, the date of the purported service on Corporate Creations, the only person working in the New Jersey registered office was Sherry Bertino.  Ms. Bertino does not fit the description of the person stated to have been served in the Affidavit of Service.

7.    The only other person employed by Corporate Creations at the New Jersey registered office is Peter Martin.  Mr. Martin (1) was not working on December 7, 2012, (2) is not "Ahjig Hadad," and (3) does not fit the description of the person purportedly served at Corporate Creations' New Jersey registered office on December 7, 2012.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 6, 2013

_____
LUIS A. URIARTE JR.

**DUANE MORRIS LLP**
**A Delaware Limited Liability Partnership**
By:      Stephen Sussman
           Kimberly G. Lippman
1940 Route 70 East, Suite 200
Cherry Hill, NJ  08003
Telephone: 856 874 4200
Fax:  856 424 4446
ssussman@duanemorris.com
kglippman@duanemorris.com
*Attorneys for Defendant, 7-Eleven, Inc.*

| | |
|---|---|
| **SAM YOUNES** and<br>**TAMER G. ATALLA,**<br><br>                      Plaintiffs,<br><br>               vs.<br><br>**7-ELEVEN, INC.,**<br><br>                      Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAPE MAY COUNTY<br><br>DOCKET NO. CPM-L-577-12<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF SERVICE** |

I, KIMBERLY G. LIPPMAN, pursuant to Rule 1:4-4(b), hereby certify as follows:

1.      I am admitted to practice as an Attorney at Law and in good standing in the courts of the State of New Jersey.

2.      I am an attorney with Duane Morris LLP, counsel for Defendant, 7-Eleven, Inc.

3.      I caused to be served via regular mail addressed to James H. Pickering, Jr., Esq., 498 Kings Highway, P.O. Box 100, South Seaville, NJ 08246-0100, one copy of each of the following documents:

a.      Notice of Motion;

b.      Proposed Form of Order;

c.      Memorandum of Law in Support of Motion to Dismiss;

d.      Certification of Luis A. Uriarte, Jr.; and

e.      this Certification of Service.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**DATED**:  April 24, 2013

By:      _Kimberly G. Lippman_____
Kimberly G. Lippman
DUANE MORRIS LLP
*A Delaware Limited Liability Company*
1940 Route 70 East, Suite 200
Cherry Hill, NJ 08003
856-874-4200
856-424-4446
kglippman@duanemorris.com
*Attorneys for Defendant, 7-Eleven, Inc.*