IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SAM YOUNES, et al.,<br>    Plaintiffs,<br><br> v.<br><br>7-ELEVEN, INC.,<br>    Defendant. | Civil No. 13-3500 (RMB/JS) |
| 7-ELEVEN,<br>    Plaintiff,<br><br> v.<br><br>KARAMJEET SODHI, et al.,<br>    Defendants. | Civil No. 13-3715 (MAS/JS) |
| NEIL NAIK, et al.,<br>    Plaintiffs,<br><br> v.<br><br>7-ELEVEN, INC.,<br>    Defendant. | Civil No. 13-4578 (RMB/JS) |

**O R D E R**

The Court having heard oral argument on March 6, 2015 involving, <u>inter alia</u>, discovery disputes concerning the production of 7-Eleven's documents; and the Court noting that the production of 7-Eleven's "Project P" documents has been a

1

continuing source of dispute in the case; and this Order further clarifying the Project P documents 7-Eleven must produce; and all references to "documents" in this Order intending to also refer to ESI; and for good cause shown,

IT IS HEREBY ORDERED this 11th day of March, 2015, that 7-Eleven shall produce the "Project Philly" or "Project P" information and documents designated in this Order; and it is further

ORDERED that all references to Project Philly or Project P shall also include "Operation Philadelphia," "Operation Take Back," "Philadelphia Project," "Operation P," "Philly Project," "Penn Jersey," and what Mr. Sussman referred to as 7-Eleven's "accountability project" or "accountability efforts." These references shall refer to the effort 7-Eleven apparently started in the 2011/2012 time frame to either terminate or take back franchises. These references shall also refer to what 7-Eleven refers to as the "staffing initiative" resulting from the anticipated termination of multiple franchise agreements following investigations for franchise fraud; and it is further

ORDERED that 7-Eleven shall produce the following documents regarding Project P or Project Philly:

1. All Project P or Project Philly documents mentioning or referring to the franchisee parties in these cases or their stores;

2

2.   All documents 7-Eleven relied upon to decide that Sodhi's franchises should or might be terminated;

3.   All documents 7-Eleven relied upon to list Younes and Atalla on P20, 22, 25, 26 and 33B;

4.   All summaries, notes and minutes of meetings where Project P or Project Philly was addressed including, but not limited to, all PowerPoint presentations created for or shown at at the meetings;

5.   All documents sent to or received from 7-Eleven's Executive Committee regarding Project P or Project Philly; and

6.   All documents regarding how and why 7-Eleven decided which stores to list on Exhibits P26 and 33B; and it is further

ORDERED that 7-Eleven's document production shall include an affidavit from an authorized company representative attesting: (1) that to the best of the affiant's knowledge all sources of information where responsive documents and ESI could reasonably be expected to be located were searched; (2) that all individuals who reasonably could be expected to possess or control documents responsive to this Order were contacted regarding the Order; and (3) that 7-Eleven's search for documents responsive to this Order was reasonably designed and calculated to identify and locate responsive documents; and it is further

ORDERED that this Order does not excuse 7-Eleven from producing other relevant non-privileged documents requested by the franchisee parties or other responsive documents required to be produced pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e). All alleged privileged documents shall be included on a privilege log; and it is further

ORDERED that all documents responsive to this Order shall be produced by April 1, 2015.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
