| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>SHANGHAI<br>BOSTON<br>HOUSTON<br>LOS ANGELES<br>HANOI<br>HO CHI MINH CITY | <br>*FIRM and AFFILIATE OFFICES*<br><br>SUSAN V. METCALFE<br>DIRECT DIAL: +1 215 979 1116<br>PERSONAL FAX: +1 215 689 1927<br>*E-MAIL:* svmetcalfe@duanemorris.com<br><br>*www.duanemorris.com* | ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE<br>OF DUANE MORRIS*<br><br><u>MEXICO CITY</u><br>ALLIANCE WITH<br>MIRANDA & ESTAVILLO<br><u>SRI LANKA</u><br>ALLIANCE WITH<br>GOWERS INTERNATIONAL |

April 20, 2015

<u>VIA FACSIMILE AND ECF</u>

Honorable Joel Schneider
United States District Court
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Camden, NJ  08101

      Re:    <u>Pre-Motion Letter for Clarification of the April 16, 2015 Order</u>

            *Younes et al. v. 7-Eleven, Inc.*
            Civil Action No. 13-cv-3500-RMB-JS

Dear Judge Schneider:

      This firm represents defendant 7-Eleven, Inc. ("7-Eleven") in the above-referenced action.  We write to respectfully request clarification regarding the Court's Order which was posted on the electronic docket during the afternoon of Thursday, April 16, 2015 (Younes ECF No. 293) ("Order").

      By way of background, at 10:41 a.m. on April 10, 2015, my firm served on opposing counsel via email a fifteen page Production Log titled: "7-Eleven's List of Documents Responsive to the *Younes* Plaintiffs' Request for Production of Documents and March 11, 2015 Order Produced on April 1, 2015" ("Production Log").  The Production Log identifies approximately 649 document entries.  Specifically, the Production Log contains:

- The first heading is titled "Documents Responsive to Younes' Second Request for Production of Documents" for which 7-Eleven identifies approximately 133 document entries via the: (1) Bates numbers of the document and (2) specific request number(s) within Younes' Second Request for Production of Documents for which the document is responsive.

Case 1:13-cv-03500-RMB-JS   Document 297   Filed 04/20/15   Page 2 of 4 PageID: 6265



Hon. Joel Schneider
April 20, 2015
Page 2

- The second heading is titled "Documents Responsive to Younes' Third Request for Production of Documents" for which 7-Eleven identifies approximately 341 document entries via the: (1) Bates numbers of the document and (2) specific request number(s) within Younes' Third Request for Production of Documents for which the document is responsive.

- The third heading is titled "Documents Responsive to the March 11, 2015 Court Order" for which 7-Eleven identifies approximately 175 document entries via the Bates numbers of each document.

A.   **Paragraph Number 3 of the Order**

Paragraph Number 3 of the Order reads:

> By April 24, 2015, 7-Eleven shall identify the Bates-number of each document responsive to paragraphs 1-6 of the March 11, 2015 Order [Doc. No. 258] and each of the franchisee parties' requests for documents.  7-Eleven shall also identify the source of each document.

7-Eleven respectfully requests the following clarification regarding this paragraph of the Order:

1.  The Production Log identifies the Bates Numbers of the approximately 175 document entries which are responsive to the March 11, 2015 Order.  7-Eleven respectfully requests whether the Court is also ordering 7-Eleven to identify the specific numbers within the March 11, 2015 Order to which each of the approximately 175 document entries are responsive.

2.  The Production Log identifies the specific numbers within the Younes Second and Third Production Requests for which the approximately 474 documents are responsive.  7-Eleven respectfully requests clarification as to whether the Court seeks other information from 7-Eleven.

3.  7-Eleven respectfully requests that the Court confirm that the term "source" means the custodian from whom the document was obtained by 7-Eleven for the production of the document in this case.  7-Eleven respectfully requests that the Court confirm that: (a) if the document was not also produced along with its cover letter/cover email, then 7-Eleven will identify the custodian from whom the document was obtained for purposes of the production in this case, and (b) 7-Eleven is to provide this information for the approximately 175 documents produced in response to the March 11, 2015 Order.

DM1\5571092.1



Hon. Joel Schneider
April 20, 2015
Page 3

>Insofar as the Court defines the term "source" to mean something else, such as the author of a document, then 7-Eleven would need to conduct further investigation to determine the author of certain corporate documents. This investigation would require time and thus, 7-Eleven respectfully requests an additional ten days to conduct such investigation.

4.  7-Eleven respectfully requests that the Court clarify the scope of the documents for which the Court is ordering 7-Eleven to identify the "source." This clarification is requested because this Paragraph in the Order refers to both: (a) the documents produced in response to the March 11, 2015 Order as well as (b) "each of the franchisee parties' requests for documents." The Younes Plaintiffs served four formal production requests (the first of which was served in 2013 by the Younes Plaintiffs and to which 7-Eleven responded during early 2014) and many informal production requests via emails and telephone calls. In addition, pursuant to the ESI Order, the Younes Plaintiffs identified search terms and custodians from whom the Younes Plaintiffs sought the production of additional documents.

    Insofar as the Court seeks the production of the "source" for all 649 documents identified in the Production Log, then 7-Eleven respectfully requests an additional ten days to conduct such investigation.

**B.      Paragraph Number 4 of the Order**

Paragraph Number 4 of the Order reads:

>By April 24, 2015, 7-Eleven shall respond to Younes' first request for production numbers 5 and 6. The information shall be produced under oath in the form of an answer to an interrogatory. 7-Eleven's objections to these requests are OVERRULED.

7-Eleven respectfully requests the following clarification regarding this paragraph of the Order:

1.  The Order identifies the "first" request for production. Based on the communications during the April 10, 2015 Court conference, it is 7-Eleven's understanding that this paragraph refers to Younes' Second, not First, Request for Production.

**C.      Paragraph Number 5 of the Order**

Paragraph Number 5 of the Order reads:

DuaneMorris

Hon. Joel Schneider
April 20, 2015
Page 4

>As to Younes' third request for documents, by April 24, 2015, 7-Eleven shall produce the requested information under oath in the form of an answer to an interrogatory.

7-Eleven respectfully requests the following clarification regarding this paragraph of the Order:

1. Based on the communications during the April 10, 2015 Court conference, it is 7-Eleven's understanding that this paragraph refers to Younes' Third Request for Production at numbers 1-5, 7, 9, 10, 13, 14, 16, 19, 20-22.

   **D.**   **Paragraph Number 9 of the Order**

Paragraph Number 9 of the Order reads:

>By April 24, 2015, 7-Eleven shall identify by Bates-number the "10 to 15 documents" Stinde "turned over as of January 23." (Transcript 47:11-22).

7-Eleven respectfully requests the following clarification regarding this paragraph of the Order:

1. 7-Eleven requests clarification that it is to identify the Bates numbers of each document which was produced in which the custodian is Mr. Stinde from whom the document was obtained for the production.

We thank the Court for its assistance in clarifying this Order, as we fear that any ambiguity will be seized upon by our opponents in an attempt to further expand the discovery disputes in these cases. We also have significant concerns that an extensive re-review seeking to re-categorize each document in multiple ways in a short amount of time will create an extreme burden on 7-Eleven and minimal usefulness for our opponents.

Respectfully submitted,

*/s/ Susan V. Metcalfe*

Susan V. Metcalfe

SVM:ask
cc:   All counsel of record in *Younes*, *Sodhi* and *Naik* (*via e-mail*)

DM1\5571092.1