LAW OFFICES
# WEIR & PARTNERS LLP
A Pennsylvania Limited Liability Partnership

THE LIBERTY VIEW BUILDING
SUITE 420
457 HADDONFIELD ROAD
CHERRY HILL, NJ 08002

(856) 740-1490
(856) 740-1491 FAX

Steven E. Angstreich
Member of PA and NJ Bars

E-mail: sangstreich@weirpartners.com

August 12, 2015

VIA ELECTRONIC FILING
Honorable Joel Schneider, USMJ
Mitchell H. Cohen U.S. Courthouse
Room 2060
1 John F. Gerry Plaza
Fourth and Cooper Streets
P.O. Box 2797
Camden, NJ 08101

      Re:    Younes, et al. v. 7-Eleven, Inc.
                No. 1:13-cv-3500-RMB-JS

Dear Judge Schneider:

      We are in receipt of Ms. Metcalfe's August 12, 2015 letter to your Honor raising two issues:

      1.    seeking reconsideration of the Court's May 21, 2015 Order restricting the date range of discovery based upon Mr. Younes' testimony concerning his mistreatment by 7-Eleven post-March 31, 2014; and

      2.    addressing the Plaintiffs' Motion to Quash the Subpoenas to Nashwa and Mohammed Younes.

      First, Defendant's request that your Honor reconsider the May 21 Order (again) has no merit. During Mr. Younes' deposition Ms. Metcalfe inquired as to whether Mr. Younes has continued to experience mistreatment at the hands of Defendant as he had in prior periods. In response to that line of inquiry, Mr. Younes stated that he had and gave specific examples of the mistreatment/harassment which has occurred post-March 31, 2014. It is on the basis of that testimony that Ms. Metcalfe seeks an opportunity to engage in discovery beyond March 31, 2014. Of course, Ms. Metcalfe does not explain why she waited until 12 days after the end of discovery to raise this issue. Mr. Younes' deposition was taken on July 22, nine days before the end of discovery (the final transcript was delivered by the reporter on August 3, 2015). Ms.

**WEIR & PARTNERS LLP**
A Pennsylvania Limited Liability Partnership

Honorable Joel Schneider, USMJ
August 12, 2015
Page 2

Metcalfe ordered the transcript on an expedited basis and surely could have advanced this Motion before the end of discovery. For some reason best known to her, she waited until 12 days after the discovery end date. If same were not enough to end any further discussion on this subject, Ms. Metcalfe never asked Mr. Younes whether or not he was seeking damages as a result of the harassment/mistreatment post-March 31, 2014. She only asked questions as to his current experience with 7-Eleven and he answered them. Plaintiffs are not seeking damages beyond the date previously provided to the Court. However, continued harassment/mistreatment is certainly relevant in the context of this case.

Consequently, the Court should not reconsider its May 21 Order for these "new" reasons advanced by Ms. Metcalfe.

Turning to the second request embodied in Ms. Metcalfe's letter – the Motion to Quash the Subpoenas to Nashwa and Mohammed Younes - Defendant's position is equally without merit. At no time in the more than two years that this case has been extant has Defendant endeavored to amend its Answer to include an affirmative defense or counterclaim. Whatever inquiry Defendant would now like to make of these witnesses concerning a potential defense is certainly too late. If Defendant really believed there was either an affirmative defense or counterclaim available to it, it could have addressed the subject long prior to the end of discovery.

Further, Defendant should have sought a ruling from the Court in connection with the Motion to Quash, but instead it simply chose to ignore it. Defendant does not now have the right to suggest that it should have an opportunity to depose these individuals should the Court reconsider its May 21 Order or issue a favorable ruling on the Garber Motion or if, on appeal, the District Court were to overturn your Honor's rulings. During several arguments on discovery issues, your Honor stated that to the extent that any ruling was subsequently modified and that modification impacted on a deposition already completed, no one would be prejudiced and in that situation, there would be an opportunity to take the deposition of that witness based upon the Court's later ruling. We filed our Motion to Quash the depositions on July 16, the day before our last Case Management Conference. Now, 27 days later, and only at the prompting of the Court on August 7, did Defendant submit its request for the opportunity to take the Nashwa and Mohammed depositions should it obtain a favorable ruling either on the Motion to Reconsider, the Garber Motion or an appeal. Here again Defendant has waited beyond any reasonable time frame to assert its position.

Finally, the issue of "commingling" is a red herring advanced by Defendant full well knowing there are no facts to support it as set forth in Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Quash the Garber Subpoena.

**WEIR & PARTNERS LLP**
A Pennsylvania Limited Liability Partnership

Honorable Joel Schneider, USMJ
August 12, 2015
Page 3

For all of the foregoing reasons, the relief sought by Defendant in the August 12 letter should be denied.

Respectfully,

Steven E. Angstreich

SEA:b
cc: Susan V. Metcalfe, Esquire
    Sheila Raftery Wiggins, Esquire
    Stephen Sussman, Esquire
    Gerald Allen Marks, Esquire
    Evan Matthew Goldman, Esquire
    Mr. Sam Younes/Mr. Tamer Atalla